UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22316-cv-COOKE/TORRES

SELWYN DON TITUS,

    Plaintiff,

vs.

MIAMI DADE COUNTY WATER AND
SEWER DEPARTMENT, *et al.*,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT

Plaintiff Selwyn Don Titus's ("Plaintiff" or "Titus") Amended Complaint (ECF No. 17) alleges that Defendants discriminated and retaliated against him on the bases of race, color, religion, national origin, age, and disability under relevant federal and state anti-discrimination and employment protection laws. In response, Defendants filed their Motion to Dismiss Plaintiff's Complaint ("Motion") (ECF No. 22), which has been fully briefed and is ripe for adjudication. I have reviewed the Motion, the record, and the relevant legal authorities. For the reasons below, Defendants' Motion is granted and Plaintiff's Complaint is dismissed without prejudice.

### I.  BACKGROUND

Plaintiff is a 54-year-old black, Trinidadian man who is a Seventh-Day Adventist. He has worked for Miami-Dade County since October 2001 as a heavy equipment operator. Plaintiff was passed over for a promotion to Pipefitter Supervisor three separate times, twice in 2011 and once in 2012, for which Plaintiff believes he was qualified. Instead, the positions were given to white, Hispanic men who allegedly lacked the appropriate license for the position.

After his complaint to management was rebuffed, Titus filed a complaint with the Equal Employment Opportunity Commission ("EEOC") as well as with the Florida Department of Environmental Protection ("FDEP"). The FDEP fined Defendants for

maintaining employees who lacked the appropriate licenses for their positions. Thereafter, according to Titus, Defendants retaliated by creating a hostile work environment. Notably, Defendants consistently rejected Titus's requests for time off, forced him to work overtime despite his handicap, and stripped him of his seniority status.

## II.  LEGAL STANDARDS

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.* Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555).

A court need not accept legal conclusions in the complaint as true. *See Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. A pleading that merely states facts consistent with a defendant's liability might allude to the possibility that a plaintiff is entitled to relief, but it falls short of demonstrating the plausibility of such entitlement as required under Rule 8. *See id.* at 678.

## III.  DISCUSSION

### A. Municipal Corporations

Defendants argue the Amended Complaint improperly names parties that cannot be sued as separate legal entities. I agree. Because municipal departments are not, in general, independent entities, they cannot be sued. *See, e.g.*, *Barteet v. Eismann,* No. 13-80434-CIV, 2013 WL 5236640, at *2 (S.D. Fla. Sept. 17, 2013) (finding it improper for the plaintiff to have named several county departments as defendants); *N. Miami Beach Water Bd. v. Gollin,*

171 So. 2d 584, 585 (Fla. Dist. Ct. App. 1965) (finding the plaintiff was incapable of being sued because it was not an autonomous body and was subordinate to the City of North Miami Beach). Under Florida law, municipalities have the power to sue or be sued, but county departments have no such power. *See Cadot v. Miami-Dade Fire Rescue Logistics Div.*, No. 13-23767-CIV, 2014 WL 1274133, at *3 (S.D. Fla. Mar. 27, 2014).

Plaintiff cannot sue any of the named Defendants in this action. The Miami-Dade County Water and Sewer Department is a subordinate municipal department incapable of being sued. *See Cobb v. Metro. Miami-Dade Cty.*, No. 1:14-CV-21757, 2015 WL 4064641, at *1 (S.D. Fla. Apr. 1, 2015). (dismissing Miami-Dade County Water and Sewer Department from suit after finding it was an entity incapable of being sued). Because the Water & Sewer Heavy Equipment Operator and Sewer Water Transmission & Distribution parties fall under the Miami-Dade County Water and Sewer Department, they are also incapable of being sued. Likewise, the Board of County Commissioners Miami-Dade County is a subordinate municipal department that cannot be sued. Fla. Stat. § 125.15 ("The county commissioners shall sue and be sued in the name of the county of which they are commissioners."); *see also Erickson v. Bd. of Cty. Comm'rs of Sarasota Cty.*, 212 So. 2d 340, 340 (Fla. Dist. Ct. App. 1968) (reversing judgment against the defendant because it was improperly sued). Finally, the Miami-Dade County Finance Department cannot be sued either. According to the Miami-Dade County Code, the "[Finance] Director shall be appointed by and serve at the will of the [City] [M]anager." Miami-Dade Cty. Code § 2-57. Because the City Manager has ultimate authority over the Finance Department, the Finance Department is subordinate, and, consequently, incapable of being sued. *See Gollin,* 171 So. 2d at, 585.

B.  **Federal Rule of Civil Procedure 10(b)**

The Defendants also contend that the Amended Complaint violates Rule 10(b) of the Federal Rules of Civil Procedure by merging multiple claims into single counts. I also agree. The U.S. Court of Appeals for the Eleventh Circuit has interpreted Rule 10(b) to require separate counts for separate claims. *See Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996); *Green v. C.B. Fleet Holding Co. Inc.,* No. 07-80589-CIV, 2008 WL 113668, at *2 (S.D. Fla. Jan. 8, 2008) ("The Eleventh Circuit has interpreted the analogous language of Rule 10(b) . . . as requiring separate counts for each claim of

relief). Here, the first five counts of Plaintiff's Amended Complaint blend various discrimination and retaliation claims. Since these causes of action are distinct, the claims should have been pled separately.

### C. Exhaustion of Administrative Remedies

Defendants also argue that Plaintiff's state whistleblower claim is improper because he did not exhaust administrative remedies. I cannot make a definitive conclusion about this point since Plaintiff did not properly outline what administrative actions he took in his Amended Complaint.

Fla. Stat. § 112.3187(8)(b) requires plaintiffs to file complaints with their appropriate local government authority before filing a civil action, if that authority has established a procedure for handling such complaints. *Wellons v. Miami-Dade Cty.,* No. 13-20574-CIV, 2014 WL 2047779, at *18 (S.D. Fla. Feb. 25, 2014) ("Wellons has not availed himself of the County's procedures for whistleblower claims as to his termination, and has therefore failed to exhaust his administrative remedies as to that claim."); *City of Miami v. Del Rio,* 723 So. 2d 299, 300 (Fla. Dist. Ct. App. 1998)(dismissing whistleblower claim because the plaintiff failed to exhaust administrative remedies). Miami-Dade County's whistleblower complaint procedure involves conducting a hearing, which includes a fact-finding investigation and "a determination of whether the adverse action was in violation" of Florida's whistleblower laws. Miami–Dade Cty. Code § 2–56.28.17.

Here, Plaintiff contends that he filed a complaint with Miami-Dade County that was dismissed, but no mention of this filing was made in his Amended Complaint nor was any evidence of this filing attached to any pleadings or motions. If Plaintiff did in fact file a complaint with the County, then he may have exhausted his administrative remedies. But he should have clarified this ambiguity in his Amended Complaint.

### IV.   CONCLUSION

Because of the Amended Complaint's multiple deficiencies, most notably naming improper defendants, and because an amended pleading has already been filed, a dismissal instead of an amendment is warranted here. It is **ORDERED and ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 22) is **GRANTED**. Plaintiff's Complaint is **DISMISSED** *without prejudice*. All pending motions, if any, are **DENIED** *as moot*. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 29th day of June 2016.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*